IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTONIO TERRELL SMITH,

    **Plaintiff,**

    v.                                  CASE NO. 24-3194-JWL

DEBRA A. SKALINDER, et al.,

    **Defendants.**

**MEMORANDUM AND ORDER
TO SHOW CAUSE**

    Plaintiff Antonio Terrell Smith is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

**I. Nature of the Matter before the Court**

    Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is in custody at the Hutchinson Correctional Facility in Hutchinson, Kansas ("HCF"). The Court granted Plaintiff leave to proceed in forma pauperis. (*See* Doc. 5.)

    Plaintiff's Complaint (Doc. 1) alleges that he has not been fully paid for time he worked in food service at HCF. He states that he started working food service in May of 2024. He was initially paid $.45 per hour, and his pay grade changed to $1.50 per hour on June 15, 2024. However, Plaintiff alleges that he has not been paid for more than 160 hours that he worked in June and July, 2024, before he was terminated on August 6, 2024. According to the Complaint, Aramark Supervisor Kevin Norris told Plaintiff that he would be paid in full, and Aramark Supervisor Debra Skalinder agreed and said that the pay would show up in his August paycheck.

1

Plaintiff states that he has written to Accounting twice and was told he was a "lay in" since July 16, 2024. Plaintiff disputes this, stating he did not receive a disciplinary report ("DR") until August 6, 2024. He has also sent Form 9s to Norris, Skalinder, and Aramark Supervisor Patricia Whitekiller.

Plaintiff names as defendants Debra A. Skalinder, Aramark Supervisor; Kevin L. Norris, Aramark Supervisor; and Patricia L. Whitekiller, Aramark Supervisor. Plaintiff seeks relief in the form of $3,600.00 to compensate him for the unpaid work and for his pain and suffering.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in

a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III.  DISCUSSION

Plaintiff does not allege a violation of his constitutional rights or his rights under federal law as required to state a § 1983 claim. *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  The Tenth Circuit has found that a prisoner does not have a constitutionally protected liberty interest in a prison job. *Penrod v. Zavaras,* 94 F.3d 1399, 1407 (10th Cir. 1996).  Further, there is no constitutional right to prison wages and any such payment is by the grace of the state. *Sigler v. Lowrie*, 404 F.2d 659, 661 (8th Cir. 1968), *cert. denied*, 395 U.S. 940 (1969). *See also Adams v. Neubauer*, 195 F. App'x 711, at *1 (10th Cir. 2016).

Aramark's failure to pay Plaintiff wages that he earned may well be actionable under Kansas law in state court.  However, violations of state law do not provide a cause of action under § 1983.  State statutes do not provide a basis for liability under § 1983, which only protects rights secured by the Constitution and laws of the United States. *D.L. v. United Sch. Dist. No. 497*, 596 F.3d 768, 776 (10th Cir. 2010) (finding that "Plaintiffs' citations to Kansas case law to support their claim . . . is unavailing, as § 1983 affords a remedy for violations of federal law and does not 'provide a basis for redressing violations of *state* law.'") (citation omitted).

## IV.  Response Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein.  Failure to respond by the deadline may result in dismissal of this matter

4

without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **January 21, 2025,** in which to show good cause why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated December 19, 2024, in Kansas City, Kansas.**

        **S/ John W. Lungstrum**
        **JOHN W. LUNGSTRUM**
        **UNITED STATES DISTRICT JUDGE**