IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ANTONIO TERRELL SMITH,**

    **Plaintiff,**

    v.                                                              CASE NO. 24-3194-JWL

**DEBRA A. SKALINDER, et al.,**

    **Defendants.**

## **MEMORANDUM AND ORDER**

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is in custody at the Hutchinson Correctional Facility in Hutchinson, Kansas ("HCF"). The Court granted Plaintiff leave to proceed in forma pauperis. (*See* Doc. 5.) On December 19, 2024, the Court entered a Memorandum and Order to Show Cause (Doc. 6) ("MOSC") ordering Plaintiff to show good cause why his Complaint should not be dismissed for failure to allege a violation of his constitutional rights or his rights under federal law as required to state a § 1983 claim. *See West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). This matter is before the Court on Plaintiff's response (Doc. 7).

Plaintiff alleges that he has not been fully paid for time he worked in food service at HCF. He states that he started working food service in May of 2024. He was initially paid $.45 per hour, and his pay grade changed to $1.50 per hour on June 15, 2024. However, Plaintiff alleges that he has not been paid for more than 160 hours that he worked in June and July, 2024, before he was terminated on August 6, 2024. According to the Complaint, Aramark Supervisor Kevin Norris told Plaintiff that he would be paid in full, and Aramark Supervisor Debra Skalinder agreed and

1

said that the pay would show up in his August paycheck. Plaintiff states that he has written to Accounting twice and was told he was a "lay in" since July 16, 2024. Plaintiff disputes this, stating he did not receive a disciplinary report ("DR") until August 6, 2024. He has also sent Form 9s to Norris, Skalinder, and Aramark Supervisor Patricia Whitekiller.

Plaintiff names as defendants Debra A. Skalinder, Aramark Supervisor; Kevin L. Norris, Aramark Supervisor; and Patricia L. Whitekiller, Aramark Supervisor. Plaintiff seeks relief in the form of $3,600.00 to compensate him for the unpaid work and for his pain and suffering.

The Court held in the MOSC that Plaintiff failed to state a claim under § 1983 because a prisoner does not have a constitutionally protected liberty interest in a prison job. *Penrod v. Zavaras,* 94 F.3d 1399, 1407 (10th Cir. 1996). Further, there is no constitutional right to prison wages and any such payment is by the grace of the state. *Sigler v. Lowrie*, 404 F.2d 659, 661 (8th Cir. 1968), *cert. denied*, 395 U.S. 940 (1969). *See also Adams v. Neubauer*, 195 F. App'x 711, at *1 (10th Cir. 2016).

The MOSC stated that Aramark's failure to pay Plaintiff wages that he earned may well be actionable under Kansas law in state court but that violations of state law do not provide a cause of action under § 1983. State statutes do not provide a basis for liability under § 1983, which only protects rights secured by the Constitution and laws of the United States. *D.L. v. United Sch. Dist. No. 497*, 596 F.3d 768, 776 (10th Cir. 2010) (finding that "Plaintiffs' citations to Kansas case law to support their claim . . . is unavailing, as § 1983 affords a remedy for violations of federal law and does not 'provide a basis for redressing violations of *state* law.'") (citation omitted).

In response to the MOSC, Plaintiff filed copies of the numerous grievances he submitted and staff responses. The response he received from Unit Team Smith, which appears to have been subsequently ratified by Warden Schnurr, states as follows:

2

> I researched your claim.  First, I spoke with UTS Sheridan and verified that you were never officially moved from a "Food Service worker" to an "Aramark Hourly worker" in the DOC employment system.  I spoke with Ms. Skalinder at Aramark.  She relayed that while the supervisor may have told you that you were being moved to hourly, the paperwork was not turned in by the deadline to change your status for that month.  She stated that she tried to change things retroactively, however you had already lost your job at that point and she was told that the retroactive change was unable to happen because you were no longer employed.  Based on the fact that you were never officially promoted to an hourly slot, the pay you received is consistent with the time that you worked.

(Doc. 7, at 1.)

Plaintiff's response to the MOSC makes it clear that he attempted to exhaust his administrative remedies and resolve the dispute without litigation.  Plaintiff does not, however, address the MOSC's finding that he did not state an actionable claim in federal court under § 1983.  Plaintiff has failed to show good cause why his Complaint should not be dismissed.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim upon which relief may be granted.

**IT IS SO ORDERED**.

**Dated January 21, 2025, in Kansas City, Kansas.**

>  **S/ John W. Lungstrum**
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**